IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
FILED: AUGUST 27, 2008
08CV4907
JUDGE COAR
MAGISTRATE JUDGE NOLAN
TC
```

| | |
|---|---|
| GROOT INDUSTRIES, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT CORDELL, an Individual, and ROBIN CORDELL, an Individual, <br><br> Defendants. | No. <br><br> **Plaintiff Demands Trial by Jury on Each Count** |

## COMPLAINT

GROOT INDUSTRIES, INC., a Delaware corporation, by its attorneys, LEONARD S. SHIFFLETT, STEVEN V. HUNTER, and JACQUELYN T. PINNELL, of QUARLES & BRADY LLP, and complaints of Defendants, ROBERT CORDELL, an individual and ROBIN CORDELL, an individual, as follows:

### PARTIES

1. Plaintiff, Groot Industries, Inc. (hereinafter "Groot"), is a Delaware corporation, with its principal place of business located in Cook County, Illinois.

2. Defendant, Robert Cordell, an individual, is a citizen of the State of Florida.

3. Defendant, Robin Cordell, an individual, is a citizen of the State of Florida.

### JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as this is an action by a citizen of the State of Illinois against citizens of the

State of Florida, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this judicial district.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. Prior to July 1, 2008, the Cordells resided in this judicial district in Crystal Lake, Illinois.

7. During the time from July 21, 1997 to June 8, 2008, Robert Cordell was employed by Groot.

8. During his employment with Groot, Robert Cordell was the Facility Manager of a Transfer Station operated by Groot in Elk Grove Village, Illinois.

9. As the Facility Manager, Robert Cordell's responsibilities included the oversight of the operations of the facility.

10. The Transfer Station is an operation open to the public whereby the public can "dump" or dispose of refuse, garbage and recyclable materials for the payment of a fee.

11. When a customer disposes of materials at the Transfer Station, Groot generates a "ticket" or invoice for the transaction.

12. Some customers of the Transfer Station dispose of materials there on a regular basis and have accounts with Groot. These customers are billed on a monthly or other regular basis for their transactions.

13. Other customers at the Transfer Station pay cash when they dispose of materials at the Transfer Station.

14. One of Robert Cordell's duties as Facility Manager was to prepare the tickets or invoices for customers when they deposit materials at the Transfer Station and receive cash payment from those who do not have billing accounts with Groot.

15. As part of his job responsibilities, Robert Cordell was to account for all receipts, including cash receipts, from customers disposing materials at the Transfer Station.

16. During the course of his employment, Robert Cordell had access to the bookkeeping system which accounted for deposits of materials at the transfer station, including, the generation of the tickets or invoices for the transactions.

17. After his retirement from Groot, effective May 30, 2008, it came to the attention of Groot that for a long period of time Robert Cordell had been altering the records of the bookkeeping system so that the books and records of Groot would not reflect the receipt of all the cash payments received by Robert Cordell at the Transfer Facility.

18. In short, Robert Cordell altered Groot's books and records so that it understated the actual cash received at the Transfer Station on any given day.

19. Robert Cordell "pocketed" or stole the difference between the cash that was actually paid to Groot on a given day and the lesser amount of cash shown on Groot's books and records after he had altered those books and records.

20. Robert Cordell converted the cash that was the property of Groot Industries Inc. to his own by stealing the same.

21. Groot has determined that over the past several years Robert Cordell took in excess of $500,000.00 in cash that was the property of Groot.

22. Groot has demanded that Robert Cordell return the money he stole. Robert Cordell has admitted taking the money, he has failed and refused to return it to Groot.

23. Robin Cordell is the wife of Robert Cordell. Robin Cordell's complicity in the unlawful acts of Robert Cordell is not presently known and is under investigation.

24. Groot is informed and believes that the proceeds of the funds stolen from Groot by Robert Cordell has been put into real property, personal property and/or bank accounts in which Robin Cordell has an interest.

## COUNT I

25. Groot realleges and incorporates herein the allegations set forth in Paragraphs 1-23, inclusive hereof.

26. On numerous occasions during the course of his employment at Groot, Robert Cordell received monies which were the property of Groot and he converted the same to his own property and use.

27. Robert Cordell's actions in taking Groot's money were fraudulent, criminal and intentional.

28. To punish Robert Cordell for his fraudulent and criminal actions, this Court should assess punitive damages against him.

constructive trust on all property real or personal in the name of either Robert or Robin Cordell or under their control or direction together with an award of its costs in bringing this action.

Plaintiff demands trial by jury on each count.

Dated: August 27, 2008

Respectfully submitted,

GROOT INDUSTRIES, INC.

By: __/s/ Leonard S. Shifflett__
One of Its Attorneys

Leonard S. Shifflett (ARDC # 2587432)
Steven V. Hunter (ARDC # 6277695)
Jacquelyn T. Pinnell (ARDC # 6287098)
QUARLES & BRADY LLP
500 West Madison Street
Suite 3700
Chicago, Illinois 60661
(312) 715-5000 (Telephone)
(312) 715-5155 (Facsimile)

29.　　Additionally, Groot has lost the use of the money stolen by Robert Cordell.

30.　　By reason of the unlawful acts of Robert Cordell, Groot has been damaged in an amount in excess of $500,000.00.

WHEREFORE, Plaintiff, Groot Industries, Inc., prays that this Court enter judgment in its favor and against Robert Cordell in an amount in excess of $500,000.00, together with pre-judgment interest, plus an award of punitive damages in the amount of $5,000,000.00 and an award of its costs in bringing this action.

## COUNT II

31.　　Groot realleges and incorporates herein the allegations set forth in Paragraphs 1 through 30, inclusive.

32.　　The monies unlawfully taken by Robert Cordell have been used by Robert Cordell to open bank accounts, purchase securities, make investments in real estate, purchase personal property, and otherwise converted into other property.

33.　　The proceeds of the unlawful acts of Robert Cordell are held in his name and/or his and Robin Cordell's name or in Robin Cordell's name.

34.　　This Court should impose a constructive trust on all property in the name of Robert Cordell, the name of Robin Cordell, or the names of Robert Cordell and Robin Cordell.

WHEREFORE, Plaintiff, Groot Industries, Inc., prays that this Court enter judgment in its favor and against Robert Cordell and Robin Cordell, jointly and severally, in an amount sufficient to compensate Groot Industries, Inc., for its loss and imposing a

constructive trust on all property real or personal in the name of either Robert or Robin Cordell or under their control or direction together with an award of its costs in bringing this action.

Plaintiff demands trial by jury on each count.

Dated: August 27, 2008

Respectfully submitted,

GROOT INDUSTRIES, INC.

By: __/s/ Leonard S. Shifflett__
One of Its Attorneys

Leonard S. Shifflett (ARDC # 2587432)
Steven V. Hunter (ARDC # 6277695)
Jacquelyn T. Pinnell (ARDC # 6287098)
QUARLES & BRADY LLP
500 West Madison Street
Suite 3700
Chicago, Illinois  60661
(312) 715-5000 (Telephone)
(312) 715-5155 (Facsimile)